IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TOM ROSSLEY,<br><br>Plaintiff,<br><br>v.<br><br>DRAKE UNIVERSITY, and DRAKE UNIVERSITY BOARD OF TRUSTEES,<br><br>Defendants. | **No. 4:17-cv-00058-RGE-SBJ**<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

## I.    INTRODUCTION

Plaintiff Tom Rossley claims he was unlawfully removed from his position on the Drake University Board of Trustees because he advocated for his disabled son after his son faced sexual misconduct disciplinary proceedings at Drake University. Rossley brings this complaint against Defendants Drake University and the Drake University Board of Trustees. In previous orders, the Court dismissed Rossley's claims under the First Amendment to the United States Constitution, Title IX of the Education Amendments of 1972, and Title I of the Americans with Disabilities Act of 1990 (ADA). Remaining are Rossley's breach of contract claim (Count III) and claims of disability retaliation in violation of Title III of the ADA, § 504 of the Rehabilitation Act, and the Iowa Civil Rights Act (ICRA) (Count V).[1] The Court concludes Rossley has not established a genuine dispute of material fact as to whether Defendants' proffered explanation for dismissing him from the Board is pretext for retaliation. The Court also concludes Rossley has not

---

[1] During the hearing on this motion on December 12, 2018, Rossley moved to dismiss his claim that Defendants breached a fiduciary duty (Count II) and the Court granted his motion. *See* Mot. Summ. J. Hr'g Tr. 14:10–19, ECF No. 88.

shown a contract existed between the parties. As a result, the claims fail as a matter of law and the Court grants Defendants' motion.

## II.     FACTUAL & PROCEDURAL BACKGROUND

The following facts are either uncontested or, if contested, viewed in the light most favorable to Rossley. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587−88 (1986); *Munz v. Michael*, 28 F.3d 795, 796 (8th Cir. 1994).

### A.     Factual Background

Rossley is an alumnus of Drake University. Pl.'s Resp. Defs.' Statement Material Facts ¶ 9, ECF No. 80-2. He served as a member of the Drake University Board of Trustees for twenty-three years. *Id.* In the fall of 2015, the University investigated Rossley's son, a student at the University, for sexual misconduct. *Id.* ¶¶ 24–25. The University found Rossley's son responsible for sexual misconduct and expelled him. *Id.* ¶¶ 26–27. During the investigation and disciplinary process, Rossley criticized the University's handling of his son's case in emails and in conversations with other Board members, alumni, and donors. *Id.* ¶¶ 42–46, 50–54. He complained, among other things, that the University did not accommodate his son's disabilities during the investigation. *See id.* ¶¶ 41, 44. While an appeal of the University's decision to expel his son was pending, Rossley disclosed his son was considering suing the University. *Id.* ¶¶ 34–37. Rossley disclosed the potential litigation during an email exchange about a bond issuance for the University and noted the litigation could affect the University's ability to pay the bond. *Id.*

After promising to disassociate himself from his son's case, Rossley continued to complain to Board members and others about his son's treatment. *Id.* ¶¶ 53, 64. He also requested statistics about student assaults on campus from the Dean of Students office. *Id.* ¶ 67. In an email in May 2016, the Board of Affairs Committee (BAC), a subcommittee of the Board, informed

Rossley: "you and/or your son have an existing or potential financial or other interest which might reasonably appear to impair your independent, unbiased judgment in the discharge of your responsibilities as a Board member." *Id.* ¶¶ 56–57. The BAC asked Rossley take a leave of absence from the Board. *Id.* ¶ 58. Rossley refused. *Id.* ¶¶ 61–63. Under the Board's bylaws, a member may be removed for cause by a two-thirds vote. *Id.* ¶ 22; *see also* Defs.' App. Supp. Defs.' Mot. Summ. J. APP. 79, ECF No. 74-2. In July 2016, more than two-thirds of the Board members voted to remove Rossley for cause. ECF No. 80-2 ¶¶ 74–75.

### B.   Procedural Background

Rossley originally filed suit in February 2017 and subsequently amended his complaint. *See* ECF Nos. 1 and 26. Ultimately, Rossley alleged five counts: violation of Title IX of the Education Amendments of 1972 against both Defendants (Count I); breach of fiduciary duties against the Board (Count II); breach of contract against both Defendants (Count III); retaliation in violation of the First Amendment to the United States Constitution against both Defendants (Count IV); retaliation in violation of Titles I and III of the ADA, § 504 of the Rehabilitation Act, and the ICRA against both Defendants (Count V). ECF No. 26 ¶¶ 134–76.

The Court dismissed Rossley's Title IX claim against the Board (Count I) and First Amendment claim against both Defendants (Count IV) on Defendants' first partial motion to dismiss. Order re: Defs.' Partial Mot. Dismiss, ECF No. 35. On Defendants' second partial motion to dismiss, the Court dismissed Rossley's disability retaliation claims under Title I of the ADA (Count V), finding that Rossley was not an employee entitled to relief. Order re: Defs.' Second Partial Mot. Dismiss, ECF No. 41. Finally, the Court granted Defendants' motion for partial judgment on the pleadings on Rossley's remaining Title IX claim, against the University. Order re: Defs.' Mot. Partial J. Pleadings, ECF No. 63.

Defendants now move for summary judgment on Rossley's remaining claims: breach of

3

fiduciary duty; retaliation under Title III of the ADA, the Rehabilitation Act, and the Iowa Civil Rights Act; and breach of contract. ECF No. 74; *see also* Defs.' Br. Supp. Defs.' Mot. Summ. J., ECF No. 77. Rossley resists as to all counts except for Count II, which Rossley moved to dismiss at the hearing for this motion. ECF No. 80; *see also* Pl.'s Br. Resp. Defs.' Mot. Summ. J. ECF No. 80-14. Defendants have replied. ECF No. 84. The matter came before the Court for hearing on December 12, 2018. Mot. Summ. J. Hr'g Mins., ECF No. 87. Attorneys David Harris Goldman and Gabrielle M. Vinci represented Rossley. *Id.* Attorneys Francis M. Haas and Mary E. Funk represented Defendants. *Id.*

## III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court must grant a party's motion for summary judgment if there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322−23 (1986). "An issue of fact is genuine when 'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The Court must give the non-moving party all reasonable inferences from the facts presented. *Munz*, 28 F.3d at 796. To defeat a motion for summary judgment, the non-moving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (omission in original) (quoting a prior version of Fed. R. Civ. P. 56(e)). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

## IV.   DISCUSSION

First, on Rossley's motion, the Court dismisses Rossley's breach of fiduciary duty claim.

4

Second, the Court considers Rossley's disability retaliation claims. Even assuming the University was involved in Rossley's dismissal and thus could be liable, and assuming the Board may be sued under the ADA, Rossley has nonetheless failed to show there is a genuine issue of material fact for trial on these claims. The Court finds Rossley's disability retaliation claims fail as a matter of law. Finally, the Court addresses Rossley's breach of contract claim. The Court also finds there are no genuine issues of material fact and Rossley's breach of contract claim fails as a matter of law.

### A.    Breach of Fiduciary Duty Claim (Count II)

Defendants move for summary judgment on Rossley's breach of fiduciary duty claim. ECF No. 74 ¶¶ 3–4. At the hearing, Rossley voluntarily dismissed his breach of fiduciary duty claim. The Court thus dismisses Count II. *See* Mot. Summ. J. Hr'g Tr. 14:10–19, ECF No. 88.

### B.    Disability Retaliation Claims (Count V)

Rossley asserts Defendants unlawfully removed him from the Board in retaliation for his advocacy against Defendants' treatment of his son, claiming Defendants' actions violated various disability rights laws. ECF No. 80-14 at 8–14. As a preliminary matter, Defendants challenge Rossley's ability to bring almost all of his disability retaliation claims. ECF No. 77 at 13–21. First, Defendants contend the University was not involved in Rossley's dismissal from the Board and is therefore not liable for these claims. *Id.* at 13–15. Second, Defendants argue the Board, as a private membership organization, cannot be liable under the ADA or the ICRA. *Id.* at 17–19.[2] Rossley responds the University acted in concert with the Board and thus can be liable under the statutes; and contends the Board can be liable under the ADA because it is a place of public

---

[2] Defendants also argue Rossley's claim under the Rehabilitation Act fails because Rossley is not a "qualified individual with a disability," ECF No. 77 at 15–16, but withdraw that argument in their reply brief, ECF No. 84 at 10.

accommodation, or, alternatively, because it operates a place of public accommodation. ECF No. 80-14 at 14–15.

The Court finds there is a dispute of material fact regarding whether the University acted in concert with the Board and thus the University could also be liable for Rossley's removal. The Court also finds a factual issue remains as to whether the Board is the "operator" of a place of public accommodation under the ADA and thus liable to suit. Although these issues merit discussion, they are ultimately not dispositive. Viewing the evidence in the light most favorable to Rossley and assuming both Defendants can be sued under the relevant statutes, Rossley's retaliation claims still fail on the merits.

### 1.    Defendants' Liability for Retaliation Claims

#### a.    The University's liability

The Court first addresses Defendants' argument the University is not liable because the University did not participate in the decision to remove Rossley. Defendants contend the Board alone decided to remove Rossley, and the University was not involved. ECF No. 77 at 13–15. The role of Drake University President Earl Martin in the decision to remove Rossley from the Board is disputed. Martin stated in his deposition he was not a trustee, but served on the Board as the University president with voting privileges. Martin Dep. 13:10–14:14, Pl.'s App. Supp. Pl.'s Resp. Defs.' Mot. Summ. J. P-APP 206, ECF No. 80-11. Martin also stated in his deposition he had multiple conversations with board members about how to resolve Rossley's conflict of interest. Martin Dep. 83:12–23, ECF No. 80-11 at P-APP 223. Because there is a dispute of fact regarding President Martin's role on the Board, the Court will assume the University, through President Martin's involvement on the Board, had a role in removing Rossley. The Court thus will consider both the University and the Board as Defendants to Rossley's retaliation claims.

b.      The Board's liability

The Court next turns to the Board's liability under the ADA and the ICRA.[3] Under Iowa law, private membership organizations are beyond the scope of the ICRA disability claims, even if the organization maintains a physical space for its use. *See U.S. Jaycees v. Iowa Civil Rights Comm'n*, 427 N.W.2d 450, 454 (Iowa 1988). Therefore, the Board cannot be liable for disability retaliation under the ICRA.

Under the ADA, a private organization is a place of public accommodation subject to the ADA if it "affect[s] commerce" and falls into one of twelve enumerated categories. 42 U.S.C. § 12181(7)(A)–(L). A private membership organization like the Board does not plainly fit into one of the provided categories. At least one district court in the Eighth Circuit has held private organizations without sufficient connection to a physical space should not be treated as places of public accommodation under the ADA. *See Elitt v. U.S.A. Hockey*, 922 F. Supp. 217, 223 (E.D. Mo. 1996) (holding a hockey organization could not be liable under the ADA because it was not sufficiently connected to the operation of an ice rink). More recently, however, the Supreme Court has held private organizations can be liable under the ADA as an "operator" of a place of public accommodation when the organization closely controls a place of public accommodation. *See, e.g.*, *PGA Tour, Inc., v. Martin*, 532 U.S. 661, 676–77 (2001) (noting the private organization could be liable under the ADA because it operated events at places of public accommodation); *accord Nathanson v. Spring Lake Park Panther Youth Football Ass'n*, 129 F. Supp. 3d 743, 749 (D. Minn. 2015) (determining plaintiff plausibly pleaded the organizer of games on a soccer field was subject to the ADA as the operator of a place of public accommodation); *see also Matthews v. NCAA*, 179 F. Supp. 2d 1209, 1220–23 (E.D. Wash. 2001)

---

[3] Defendants do not contest Rossley may bring a claim against the Board under the Rehabilitation Act without establishing a deprivation of a public accommodation. ECF No. 77 at 17 n.1.

(discussing the liability of a private organization under the ADA where the organization governed access to physical facilities).

Defendants first argue the Board's status as an operator is irrelevant because Rossley was not denied access from the University — the place of public accommodation the Board allegedly operates. *See* ECF No. 84 at 6–7; Mot. Summ. J. Hr'g Tr. 10:11–25, ECF No. 88. Even so, the ADA prohibits "any person who owns, leases (or leases to), or *operates* a place of public accommodation" from discriminating against disabled persons. 42 U.S.C. § 12182(a) (emphasis added). The defendant's characteristics — not the kind of deprivation imposed — determine the applicability of the ADA. The relevant question, therefore, is whether the Board operates the University, which is undisputedly a place of public accommodation under the ADA. *See* 42 U.S.C. § 12181(7)(J).

The Court finds Rossley has not demonstrated sufficient facts to show the Board itself is a place of public accommodation. However, the record contains sufficient facts for a reasonable jury to conclude the Board is an "operator" of a place of public accommodation and thus subject to the ADA. Courts have found the status of "operator" turns on the level of involvement the entity has with the place of public accommodation. *See Neff v. Am. Dairy Queen Corp.*, 58 F.3d 1063, 1066–69 (5th Cir. 1995) (holding a franchisor did not operate a fast-food restaurant for purposes of the ADA because the franchisor did not exercise sufficient control over the restaurant); *Howe v. Hull*, 873 F. Supp. 72, 77 (N.D. Ohio 1994) (holding an individual may be liable as an operator of a place of public accommodation when the individual has the authority to perform discretionary acts regarding the place). Here, the record shows the overall mission of the Board is to determine university policies and manage its financial resources. ECF No. 74-2 at APP 77–78. Duties of the Board include: electing the President of the University, establishing the terms of

employment for all of its employees, purchasing and selling University land, and investing the University's funds. *Id.*

Considering the record before the Court and making all reasonable inferences in Rossley's favor, a reasonable jury could find, as a decision-making body of the University, the Board is an operator of a place of public accommodation under the ADA. For the purposes of addressing the parties' other arguments, the Court therefore assumes without deciding the Board can be sued under the ADA. Despite this assumption, Rossley's retaliation claims fail on the merits.

### 2.    Merits of Retaliation Claims

Rossley alleges "Defendants retaliated against [him] for his lawful complaints of disability discrimination" which "culminat[ed] in his unlawful and unjustified removal as a Trustee from the Defendant Board." ECF No. 26 ¶¶ 174–75. Defendants assert they removed Rossley from the Board because he had a conflict of interest with the University, not in retaliation for his advocacy. ECF No. 77 at 4–10. Rossley responds that the Defendants' reason for his removal was pretext for retaliation, and furthermore, that there is direct evidence of Defendants' retaliation. ECF No. 80-14 at 8–13. The Court finds Rossley has not identified a genuine issue of material fact to support his retaliation claims and Rossley's claims fail as a matter of law.

#### a.    Applicable Law

The ADA prohibits retaliation "against any individual because such individual has opposed any act or practice made unlawful by [the ADA]." 42 U.S.C. § 12203(a). Similarly, under the Rehabilitation Act, a person may not "retaliate against any individual . . . for the purpose of interfering with any right secured by [the Rehabilitation Act]." 28 C.F.R. § 42.503(b)(1)(vii); *see also Hill v. Walker*, 737 F.3d 1209, 1218 (8th Cir. 2013). Finally, it is unlawful under the ICRA for "[a]ny person to . . . retaliate against another person in any of the rights protected against

discrimination by [the ICRA] because such person has lawfully opposed any practice forbidden by [the ICRA]." Iowa Code § 216.11(2).

The same legal framework governs Rossley's ADA, Rehabilitation Act, and ICRA claims against both the Board and the University.[4] A plaintiff can show an ADA retaliation claim through direct evidence, or, if direct evidence is absent, by establishing an inference of retaliation through the *McDonnell Douglas* burden-shifting framework. *Mershon v. St. Louis Univ.*, 442 F.3d 1069, 1074 (8th Cir. 2006). Retaliation claims under the Rehabilitation Act or the ICRA are analyzed like ADA retaliation claims. *Hill*, 737 F.3d at 1218 ("[O]ur precedent says that we treat retaliation claims under [the ADA and the Rehabilitation Act] interchangeably."); *Diaz v. Tyson Fresh Meats, Inc.*, 643 F.3d 1149, 1151 (8th Cir. 2011) ("We analyze [plaintiff's ICRA] retaliation claim like an ADA-retaliation claim because an Iowa court would do so.").

"Direct evidence of retaliation is evidence that demonstrates a specific link between a materially adverse action and the protected conduct, sufficient to support a finding by a reasonable fact finder that the harmful adverse-action was in retaliation for the protected conduct." *Lors v. Dean*, 746 F.3d 857, 865 (8th Cir. 2014) (quoting *Young–Losee v. Graphic Packaging Int'l, Inc.*, 631 F.3d 909, 912 (8th Cir. 2011)). A clear example of direct evidence of retaliation is a plant supervisor throwing an employee's formal complaint in the garbage and then firing her. *Young–Losee*, 631 F.3d at 912.

But if a plaintiff does not have direct evidence of retaliation, he can show retaliation through indirect evidence with the *McDonnell Douglas* burden-shifting framework. *Mershon*, 442 F.3d at 1074. Under the *McDonnell Douglas* framework, a plaintiff must

---

[4] As discussed above, the Board, as a private member organization, is not liable under the ICRA. Rossley's ICRA claim is only against the University.

first prove a prima facie case of retaliation by showing: 1) he engaged in statutorily protected activity; 2) the defendant took an adverse action against him; and 3) a causal connection between the adverse action and the protected activity. *Hill*, 737 F.3d at 1218. If a plaintiff can demonstrate a prima facie case, the burden shifts to the defendant to proffer a legitimate, nondiscriminatory reason for taking the adverse action against the plaintiff. *Mershon*, 442 F.3d at 1074. If the defendant satisfies that burden, the plaintiff must prove the provided reason was pretextual. *Id.*

        b.      Analysis

Rossley has failed to raise a genuine issue of material fact that Defendants retaliated against him in violation of disability rights laws. As for Rossley's direct evidence argument, Rossley cannot show a "specific link" that proves his protected activity led to Defendants' adverse action against him. Rossley argues the temporal proximity between his advocacy and his removal from the Board is direct evidence of retaliation. ECF No. 80-14 at 9–10. But temporal proximity is generally insufficient as direct evidence — by its terms, in most circumstances, such evidence is not direct, but requires an inferential leap. *See Lors*, 746 F.3d at 865–66.

Rossley's reliance on *Pye v. Nu Aire, Inc.*, 641 F.3d 1011 (8th Cir. 2011), is misplaced. Temporal evidence did not serve as direct evidence in *Pye*. In *Pye*, the Eighth Circuit found there were genuine issues of material fact that precluded summary judgment because the plaintiff showed sufficient direct evidence of retaliation, as well as sufficient indirect evidence under the *McDonnell Douglas* framework, to create a jury question about why he was terminated. 641 F.3d at 1020–22. Using the *McDonnell Douglas* framework, the court found the temporal proximity between the plaintiff's protected conduct and the defendant's adverse action established the third element of the plaintiff's prima facie case. *Id.* at 1022. In contrast, when analyzing the plaintiff's direct evidence argument, the court did not consider temporal proximity, but instead reasoned there were issues of fact about what was said at a meeting before the plaintiff was

terminated, and if "viewed in the light most favorable to [the plaintiff], the evidence shows that his termination was a direct result of his complaint of discrimination." *Id.* at 1021. Rossley has not shown evidence that his removal was a direct result of his protected activity.

The Court next analyzes Rossley's claim of retaliation of under the *McDonnell Douglas* burden-shifting analysis. For purposes of summary judgment, Defendants concede Rossley states a prima facie case of retaliation and Rossley concedes Defendants state a legitimate, nondiscriminatory reason for his removal. ECF No. 77 at 4; ECF No. 80-14 at 11. At issue before the Court is only whether there is a genuine dispute as to any material fact that the proffered reason for Rossley's removal was pretext for retaliation.

Rossley has the burden to show pretext. To satisfy this burden, Rossley may use indirect evidence to show Defendants' proffered explanation has no basis in fact and is therefore unworthy of credence, or he may use evidence of intentional discrimination to show a prohibited reason likely motivated Defendants. *See Lors*, 746 F.3d at 868. Rossley has not met this burden.

According to the undisputed facts, before Rossley was removed from the Board, he took the following actions: he warned the University about his son's potential legal action in a disclosure for a bond issuance, ECF No. 80-2 ¶ 35; he reacted angrily when he was told to avoid interaction with witnesses to his son's proceedings, *id.* ¶ 41; he wrote an email to the Board advocating for a reversal of his son's disciplinary process, *id.* ¶ 43; he spoke to faculty, alumni, and donors about his son's situation, *id.* ¶¶ 45, 50; and he used his role as a trustee to seek information about the University's Title IX procedures, *id.* ¶ 67. Defendants argue these actions demonstrated an incurable conflict of interest, leading to the Board's decision to remove Rossley for cause. ECF No. 77 at 10–13.

On this record, Rossley cannot show that Defendants' reason for his removal was not based in fact, or that their actions were motivated by a prohibited intent. Rossley argues the timing of his

12

removal indicates pretext because his removal was close in time to his advocacy about his son's disciplinary proceedings. *Mershon v. St. Louis University*, 442 F.3d 1069 (8th Cir. 2006), is instructive. In *Mershon*, a student was dismissed after the university believed he threatened a professor. 442 F.3d at 1074. The student claimed his actions were not a threat, but a complaint of discrimination. *Id.* at 1074–75. The Eighth Circuit reasoned the close proximity between the student's dismissal and the perceived threat did not show the university's stated reason for his dismissal was pretext, but instead showed that the university acted quickly in its best interests. *Id.* at 1075–76. The same reasoning can be applied to the timing of Defendants' conduct in this case. Here, the timing of Rossley's removal supports the conclusion Defendants acted swiftly in their best interest to prevent a conflict of interest.

Rossley also argues Defendants failed to address the issues he raised about his son's treatment, further indicating their reasons for his removal were pretext. ECF No. 80-14 at 12. Rossley does not cite to any relevant authority in support of this argument. This argument is not sufficient to show a genuine dispute of material fact. Courts do not "sit as super-personnel departments reviewing the wisdom or fairness of the business judgments made by employers, except to the extent that those judgments involve intentional discrimination." *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir. 1999) (quoting *Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 781 (8th Cir. 1995)). Rossley cannot show the University's decision not to investigate his complaints amounted to intentional discrimination. It has no bearing on the question of pretext.

Rossley does not provide any other evidence to show Defendant's reason was not based in fact or motivated by retaliatory intent. Rossley is unable to articulate how the Defendants' statements and actions in response to Rossley's potential conflict of interest demonstrate an impermissible, retaliatory animus. Finding Rossley is unable to show a question

of fact regarding his retaliation claim, the Court grants summary judgment to Defendants on these claims.

### C.   Breach of Contract Claim (Count III)

Rossley also alleges a breach of contract claim. Rossley claims Defendants "created express and implied contracts" when Rossley accepted his position on the Board. ECF No. 26 ¶ 153. As a Board member, Rossley alleges, he was "expected to adhere to Defendants' internal policies and procedures," *id.*, while Defendants, in turn, "were required to adhere to and implement Drake University's policies and procedures," *id.* ¶ 154. Rossley alleges that the Board "breached their express and/or implied agreement(s)" when Defendants removed him from the Board. *Id.* ¶ 155. Rossley has failed to provide evidence to demonstrate a jury question on his breach of contract claim. Rossley's claim fails as a matter of law. Rossley is unable to show he had a contract with Defendants. He therefore cannot show one was breached.

Under Iowa law, the elements of a breach of contract claim are clear. A plaintiff must prove: capacity to contract, the existence of a contract between the parties, consideration, contractual terms, the plaintiff's performance of the contract, the defendant's breach of the contract, and damages resulting from the breach. *Magnusson Agency v. Pub. Entity Nat. Co.-Midwest*, 560 N.W.2d 20, 25 (1997). The existence of a contract requires an offer and acceptance. *Id.* at 26. Rossley seems to allege he had a unilateral contract with Defendants, which consists "of an offeror making a promise and an offeree rendering some performance as acceptance." *Anderson v. Douglas & Lomason Co.*, 540 N.W.2d 277, 283 (1995). "The test for an offer is whether it induces a reasonable belief in the recipient that he or she can, by accepting, bind the sender." *Magnusson*, 560 N.W.2d at 26. "[W]hen dealing with a unilateral contract, the offeree's performance 'must have been induced by

the promise made.'" *Id.* (quoting *Anderson*, 540 N.W.2d at 284). Further, the offer must be definite. *Id.* "If an offer is not definite, there is no intent to be bound." *Id.*

Rossley cannot show his putative contract with Defendants included an offer. Rossley provides no evidence Defendants made him any promises — much less definite, binding promises — to induce the reasonable belief in Rossley that Defendants would be bound if he performed. Rossley does not recall receiving a written contract from the Board. ECF No. 80-2 ¶ 10. Rossley served on the Board as a volunteer. *Id.* ¶ 4. The Board of Trustees Bylaws do not include any specific promises in exchange for the service of the Board members. *See id.* ¶¶ 12–20.

Rossley claims, without providing a record citation, Defendants made a "promise not to retaliate against Plaintiff in the exercise of his obligations." ECF No. 80-14 at 18. Such a promise, assuming one was made, is not sufficient as an offer in a binding, contractual agreement. An entity can have a policy that forms duties and expectations for the parties, as the University has here, without creating a binding, contractual agreement between the parties. *See* Pl.'s App. Supp. Resp. Defs.' Mot. Summ. J. P-APP 394–95, ECF No. 80-13 (outlining the University's anti-retaliation policy for reporting misconduct). For example, under Iowa law, in the employment context, an employment handbook that "'sets forth policies, not directives' for management is not sufficiently definite to contractually alter" an employment relationship. *Bradshaw v. Brown Grp., Inc.*, 258 F.3d 847, 851 (8th Cir. 2001) (quoting *Thompson v. City of Des Moines*, 564 N.W.2d 839, 845 (Iowa 1997)). Setting aside the fact that Rossley does not have an employment relationship with Defendants, Rossley has not shown that the policies held by the University rise to the level of directives that would be sufficient as a definite offer to form a contract.

15

Rossley cannot show two parties made bargained-for, binding promises to each other — an essential element of a contract under Iowa law. Without a contract between Rossley and Defendants, Rossley's breach of contract claim fails as a matter of law. The Court grants Defendants' motion for summary judgment on Count III.

## V.     CONCLUSION

The Court grants Defendants Drake University and the Drake University Board of Trustees' Motion for Summary Judgment on all remaining claims. Plaintiff Tom Rossley has dismissed his breach of fiduciary duty claim. Rossley has not identified a genuine issue of material fact to support his claim that he was removed from the Board in violation of disability rights laws. He further has not identified a genuine issue of material fact to show that he had a contract with Defendants. The Court finds that Rossley's disability retaliation claims and breach of contract claim fail as a matter of law.

**IT IS SO ORDERED** that Defendants' Motion for Summary Judgment, ECF No. 74, is **GRANTED**.

The parties are responsible for their own costs.

Dated this 24th day of January, 2019.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE